# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2021-3863
_____

SEAN CARANNA and FLORIDA
CARRY, INC.,

    Appellants,

    v.

MARK GLASS, in his official
capacity, and FLORIDA
DEPARTMENT OF LAW
ENFORCEMENT,

    Appellees.*

_____

On appeal from the Circuit Court for Leon County.
J. Layne Smith, Judge.

August 21, 2024

WINOKUR, J.

---

\* As the successor to Rick Swearingen as the Commissioner of the Florida Department of Law Enforcement, Mark Glass is automatically substituted for Swearingen to the extent that Swearingen was sued in his official capacity. See Fla. R. App. P. 9.360(c)(2).

We review the trial court's order dismissing a complaint alleging that a state agency violated section 790.33, Florida Statutes, on the ground that the plaintiff failed to exhaust available administrative remedies. Because we find that the appellants were not required to exhaust any particular administrative remedy before filing suit, we reverse.

I.

Sean Caranna and Florida Carry, Inc., (collectively "Caranna") filed a complaint, later amended, for declaratory and injunctive relief against Rick Swearingen, in his individual capacity and his official capacity as the Commissioner of the Florida Department of Law Enforcement, and against the Florida Department of Law Enforcement itself (collectively "FDLE"). Caranna sued on behalf of those who held a Florida Concealed Weapon or Firearm License ("CWFL Holders"), "law enforcement officers," "corrections officers," and "correctional probation officers" (collectively "Officers") that attempted to purchase a firearm from a federally licensed firearms dealer. The complaint alleged that FDLE violated section 790.33 by promulgating and enforcing a rule that required CWFL Holders and Officers to submit to supplemental criminal history checks when such persons are exempt under section 790.06, Florida Statutes, and by forcing CWFL Holders and Officers to pay fees for the processing of the supplemental criminal history checks. Caranna sought declaratory and injunctive relief, as well as an award of $100.00 per day in "non-economic compensatory damages . . . for the deprivation of their fundamental right to purchase and possess firearms" if such rights were delayed or denied as a result of the supplemental criminal history check and actual damages.

FDLE moved to dismiss, arguing in part that Caranna failed to exhaust administrative remedies under chapter 120, Florida Statutes, before filing the complaint. The trial court granted the motion with regard to Swearingen in his individual capacity but otherwise denied the motion. During a case management conference, the trial court on its own raised jurisdictional concerns. Caranna argued that section 790.33 creates a cause of action when an agency promulgates rules in violation of that section and, in the alternative, that they qualified for an exception to the exhaustion

2

requirement because there was no adequate administrative remedy and FDLE acted without colorable statutory authority. They further argued that FDLE acted unconstitutionally because the rule "plainly contradicts" section 790.33.

The trial court ultimately dismissed the amended complaint for failure to exhaust administrative remedies and denied Caranna's motion to reconsider the final order. This appeal follows.

## II.

We considered the same issue in *Pretzer v. Swearingen*, 49 Fla. L. Weekly D1541 (Fla. 1st DCA July 19, 2024). As in this case, the appellants in *Pretzer* brought suit against FDLE pursuant to section 790.33(3)(f) claiming that certain rules and policies of FDLE with regard to firearms violated the preemption provision of section 790.33(1). We held in *Pretzer* that a plaintiff suing a state agency under section 790.33(3)(f) is not required to exhaust an administrative remedy; in particular, the plaintiff is not required to file and exhaust a rule challenge under section 120.56 before filing suit. "[T]he Legislature expressly provided Pretzer with a judicial remedy—not an administrative one." *Id.* "Because the relief authorized by section 790.33(3)(f)1. *is* the remedy in this case, Pretzer could bring an action under section 790.33(3)(f) in circuit court without exhausting any administrative remedies." *Id.*

*Pretzer* applies here. For the reasons expressed in that case, we find that the trial court erred in dismissing Caranna's amended complaint on the ground that he failed to exhaust administrative remedies. Accordingly, we reverse the order dismissing the case and remand for further proceedings.

REVERSED and REMANDED.

B.L. THOMAS and ROWE, JJ., concur.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


David S. Katz and Ryan Katz of Katz & Phillips, P.A., Lake Mary; Eric Friday of Kingry & Friday, Jacksonville, for Appellants.

Jeffrey D. Slanker, Robert J. Sniffen, Matthew J. Carson, and Kristen C. Diot of Sniffen & Spellman, P.A., Tallahassee, for Appellees; James Martin, General Counsel, Florida Department of Law Enforcement, Tallahassee, for Appellee Florida Department of Law Enforcement.